UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FABIAN JOHNSON,
    Plaintiff,

v.                                       Case No. 22-C-1301

CITY OF MILWAUKEE, et al.,
    Defendants.

## DECISION AND ORDER

Plaintiff Fabian Johnson brings this action under 42 U.S.C. § 1983 against the City of Milwaukee and police officers who were involved in a search of his vehicle. Before me now is defendants' joint motion to bifurcate proceedings on plaintiff's *Monell* claim against the City of Milwaukee from proceedings on his claims against the individual officers, and to stay discovery on the *Monell* claim.

### I. BACKGROUND

The search at issue occurred on February 4, 2020, in the parking lot of a Wendy's fast-food restaurant. Defendant Ryan Dewitt, a Milwaukee Police Officer who was working as a federally deputized FBI task-force officer, observed plaintiff's vehicle enter the lot and park next to another car. A woman exited the car and entered the passenger side of plaintiff's vehicle. Dewitt, suspecting a possible drug transaction, called Milwaukee Police Officers Joshua Kranz and Jeffrey Jopp to the scene. When defendants Kranz and Jopp arrived, they initiated a stop of plaintiff's vehicle based on their suspicion that its windows were excessively tinted. The ensuing stop lasted nearly forty minutes. The police used only a small portion of this time to investigate the tint issue. They were primarily focused on discovering evidence of a drug transaction.

At some point during the stop, the officers learned that plaintiff was on extended supervision and decided to conduct a search of the vehicle pursuant to Wis. Stat. § 302.113(7r), which permits searches of supervisees upon a showing of reasonable suspicion that a crime or violation of supervised release has been or will be committed. The search revealed a mason jar containing bags of what the officers believed to be marijuana, as well as a clear plastic bag containing what appeared to be cocaine. The officers arrested Johnson.

Later that day, the officers went to Johnson's home and asked the occupant for permission to search the residence. The occupant did not consent, but the police obtained a warrant and returned to conducted the search. Their search revealed guns, assorted ammunition, marijuana, cocaine, heroin, and drug-packaging items.

Based on the results of the searches, plaintiff was charged with a violation of his extended supervision and was detained in a county jail for over two years. He was also federally indicted. In the federal criminal case, plaintiff filed a motion to suppress the evidence discovered during the search of his vehicle and residence. A district judge of this court granted the motion to the extent that it sought suppression of the drugs found in plaintiff's vehicle. *See United States v. Johnson*, No. 20-CR-214-JPS, 2022 WL 102277 (E.D. Wis. Jan. 11, 2022). The court determined that the search violated the Fourth Amendment because the officers unreasonably lengthened the stop to look for drugs. The court also determined that Wis. Stat. § 302.113(7r) did not supply grounds for the search because the officers did not have reasonable suspicion, as required by the statute. After the court granted the motion to suppress, the government dismissed the indictment.

In the present case, plaintiff brings claims for damages under § 1983 based on the allegedly illegal search of the vehicle and his arrest. He alleges that the search violated the Fourth Amendment and, because it was allegedly racially motivated, violated the Equal Protection Clause of the Fourteenth Amendment. In addition to his claims against the officers who were involved in the search and arrest, plaintiff brings a *Monell* claim against the City of Milwaukee in which he contends that the officers' illegal actions were carried out pursuant to a widespread custom or practice.

Defendants now move to bifurcate proceedings on the individual claims from those on the *Monell* claim, and to stay discovery on the *Monell* claim pending conclusion of discovery and dispositive motions on the individual claims.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(c) permits a court to control the scope and sequence of discovery. Thus, a district court has discretion to bifurcate discovery concerning individual claims and *Monell* claims if the circumstances so warrant. Defendants make two arguments in support of bifurcation. First, they argue that because a *Monell* claim cannot survive absent proof that an officer committed a constitutional violation, judicial economy would be served by addressing the individual claims first. Second, defendants argue that *Monell* discovery is typically onerous and should not be undertaken until it is known whether the claims against the individual officers will survive summary judgment.

In the present case, however, the resolution of the individual claims is not likely to render proceedings on the *Monell* claim unnecessary. A judge of this court has already determined that the officers violated the Fourth Amendment during the search of plaintiff's

3

vehicle. Although the officers are not precluded from arguing for a different result here,[1] this court's prior ruling suggests that defendants are unlikely to prevail at summary judgment on the issue of whether the officers violated the Constitution. Perhaps the officers will be entitled to summary judgment based on qualified immunity if they show that the relevant law was not clearly established at the time of the search. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). But the officers' entitlement to qualified immunity under the "clearly established" prong of qualified immunity would not make proceedings on the *Monell* claim unnecessary, since qualified immunity is not a defense that applies to a municipality. *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). Plaintiff's likelihood of surviving summary judgment on the issue of whether the officers violated the Constitution means that discovery on the *Monell* claims will probably be required even if proceedings were bifurcated.

In moving for bifurcation, defendants argue that the *Monell* claim itself is unlikely to succeed. But even if that were true, it would not support bifurcation, since discovery on the claim would still be required if plaintiff proved that the officers committed a constitutional violation. What matters is the strength of the individual claims, and here those claims are strong enough to make the expected value of bifurcation negative—it is more likely that bifurcation will add unnecessary delay to the case than prevent unnecessary discovery.

---

[1] Issue preclusion, also known as collateral estoppel, does not bind the officers or the City of Milwaukee because the officers and the city were not parties to the criminal case. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050–51 (7th Cir. 1995); *Kunzelman v. Thompson*, 799 F.2d 1172, 1178 (7th Cir. 1986); *Williams v. Kobel*, 789 F.2d 463, 470 (7th Cir. 1986).

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' joint motion to bifurcate and stay (ECF No. 45) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2023.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge